IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRACY RAMTHUN and
ANGELA CLEMENS                                        PLAINTIFFS

NO. 13-5039

BRYAN CAREER COLLEGE, INC.
d/b/a Bryan College and
Bryan University                                      DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On October 15, 2013, the parties' **Joint Motion for Continuance and Extension of Scheduling Order Deadlines (Doc. 31)** was referred to the undersigned to conduct a hearing and make recommendations as to whether a new joint conference, revised scheduling order, and continued trial date are necessary, and if so, what revisions should be made. (Doc. 33.)   The undersigned conducted telephonic hearings on the motion on October 22, 2013, and November 6, 2013, and hereby finds and recommends as follows with respect thereto:

1.      Plaintiff's counsel has identified ten individuals he believes need to be deposed to be prepared to brief the issues regarding class certification.  Plaintiff's counsel indicated that, prior to deposing these individuals, he needed to review documents from their electronic mail accounts relating to the factual allegations concerning the putative class.  The parties negotiated and were able to reach an agreement on search terms to use to conduct a search for relevant documents dating back to 2007.  Defense counsel has advised that the search terms have produced 34,369 documents, many consisting of multiple pages, and that Defense counsel will need time to review the documents and redact private information relating to students before

-1-

providing them to Plaintiff's counsel.    The parties advised that, to permit for review and redaction of this volume of documents, they have tentatively scheduled depositions of the ten individuals identified by Plaintiff for December 17, 2013 through January 17, 2014.  Plaintiff's counsel requested at least a month from the conclusion of the depositions to file the motion for class certification, so as to permit him to obtain the deposition transcripts and fully brief the issues for the Court.

2.    Upon due consideration, the undersigned hereby recommends that the **Joint Motion for Continuance and Extension of Scheduling Order Deadlines (Doc. 31)** be **GRANTED** to the following extent:

*    The deadline for filing a motion for class certification should be extended to February 17, 2014.

*    It appears that the scope of discovery and the issues to be addressed in dispositive motions will depend on whether class certification will be granted or denied.  Further, if class certification is granted, depending upon which provision of Fed. R. Civ. P. 23 the class is certified, notice to class members and an opportunity to opt out may be required and time allotted for this.  It is, therefore, difficult to determine at this juncture to what extent the discovery deadline of February 24, 2014, and the trial date of June 23, 2014, as well as all other corresponding deadlines set out in the scheduling order, will need to be extended.    The undersigned, therefore, recommends that the deadlines and trial date set out in the scheduling order be stayed pending a ruling on the motion for class certification.  The undersigned further recommends that once the motion has been ruled on, a status conference with the undersigned be scheduled to address the deadline for any remaining discovery, the deadline for the filing of

dispositive motions, and when the parties can be prepared to proceed to trial.  The undersigned notes that the parties have been advised that they are expected to make all efforts to complete discovery that does not hinge upon the issue of class certification and that, once the motion for class certification has been ruled on, the Court will expect the parties to expedite any remaining discovery and the filing of dispositive motions so that this case can be placed back on the Court's trial docket as quickly as possible.

3.      **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of November, 2013.


/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-3-